IN THE DISTRICT COURT IN AND FOR
THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CASE NO. 3:11-cv-125-J-99TJC-JBT

STEPHANIE PARSONS,

    Plaintiff,

v.

SHAPIRO and PRICE CORP.

    Defendant.

_____/

## NATURE OF ACTION

1.    This is an action brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 15 U.S.C. § 1692k(d), 47 U.S.C. § 227(b)(3), 28 U.S.C. § 1331, and 28 U.S.C. § 1367(a).

3.    Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Plaintiff, STEPHANIE PARSONS ("Plaintiff"), is a natural person who at all relevant times resided in the State of Florida, County of Duval, and City of Jacksonville.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant, SHAPIRO and PRICE CORP. ("Defendant") or ("S&P") is a corporation who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. Defendant, via its agent and/or employee "Ms. Rita," placed a telephone call to Plaintiff's cellular phone on November 30, 2010 @ 4:59 P.M., and at such time, left a voicemail message in which Defendant failed to notify Plaintiff that the communication was from a debt collector.

12. Defendant placed non-emergency calls to Plaintiff's cellular telephone, without the prior express consent of Plaintiff, using an automatic telephone dialing system.

13. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer injury to

Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

## COUNT I

14. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 13.

15. Defendant violated 15 U.S.C. § 1692e(11) by failing to notify Plaintiff during each collection contact that the communication was from a debt collector.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692e(11);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II

16. Plaintiff repeats and re-alleges each and every allegation contained above.

17. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing non-emergency calls to Plaintiff's cellular telephone, without the prior consent of Plaintiff, using an automatic dialing system.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B), in the amount of $500.00 per violation;

c) Awarding Plaintiff statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(C), in the amount of $1,500.00 per violation;

d) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

f) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 9th day of February, 2011.

> Respectfully submitted,
> **STEPHANIE PARSONS**
>
> By: _____
> ALEX D. WEISBERG
> FBN: 0566551
> WEISBERG & MEYERS, LLC
> ATTORNEYS FOR PLAINTIFF
> 5722 S. Flamingo Rd, Ste. 656
> Cooper City, FL 33330
> (954) 212-2184
> (866) 577-0963 fax
> aweisberg@attorneysforconsumers.com